CONNORS-HAAS, INC., Respondent, v BOARD OF EDUCATION OF THE CITY OF ROCHESTER et al., Appellants.—Order unanimously reversed, with costs, and summary judgment granted to defendants. Memorandum: In 1971 plaintiff agreed to do the electrical work in the construction of defendants' building. Under the contract 10% of the amounts due plaintiff were to be withheld by the defendants until completion and acceptance of the work. In August, 1972 plaintiff wrote to the defendant, City of Rochester (city), that the Paul R. Dean Company, Inc. (Dean Company) "is authorized to act as our agent in the deposit of municipal securities in lieu of our retained percentages on our general contract as provided for under Section 106 of the General Municipal Law. Upon [your] receipt of the securities from the * * * Dean Company * * * you are hereby authorized to pay over the retentions directly to the * * * Dean Company." Section 106 of the General Municipal Law provides in part that: "the contractor may * * * withdraw * * * the amount retained from payments * * * upon depositing with the fiscal officer of the political subdivision * * * bonds * * * equal to the amount so withdrawn." Later that same month, the Dean Company advised the city, by letter, that it held an $11,160 bond as the city's agent; that it would not release the bond to plaintiff without the city's authorization; and that it desired payment. A copy of this letter was received by plaintiff and thereafter the city issued a check in the amount of $11,160 payable to the Dean Company and to the plaintiff which was indorsed by each payee. In Novem-

ber, 1972 the city received a second letter from the Dean Company indicating that it held a $9,200 bond under the same terms as it held the $11,160 bond. A copy of this letter was also received by plaintiff, and again the city issued a check payable to both the plaintiff and the Dean Company which they both indorsed. It is now established that the Dean Company did not possess either bond. Moreover, it converted the funds received to its own use and sometime prior to July, 1973 was adjudged bankrupt. In January, 1974 plaintiff's work was accepted. Thereafter this action was commenced to recover the sums retained under the contract. Plaintiff argues that since the city did not have the bonds when it paid the retained amounts to the Dean Company, the city was entitled to the possession of those amounts at the time of the conversion and therefore the city must bear the loss. The plaintiff characterizes the Dean Company as an escrow agent and relies on the rule that the party who was entitled to the possession of the property at the time of the escrow agent's wrongdoing must suffer the loss (see *Doherty v Elskamp*, 58 Misc 2d 653, affd 58 Misc 2d 654). Unlike that situation, however, here the checks for the retained amounts were made payable to plaintiff as well as the Dean Company and plaintiff indorsed them, thereby enabling the Dean Company to acquire the proceeds as its authorized agent. Accordingly, the plaintiff may not now deny its receipt of the retained amounts under its contract with the defendants. While the plaintiff could not ratify the arrangement whereby the Dean Company was to retain the bonds as the city's agent inasmuch as the Dean Company was not, in this regard, acting on behalf of the plaintiff (see Restatement, Agency 2d, § 85; 2 NY Jur, Agency, § 164), it was nonetheless in a position to ratify the proposal insofar as the Dean Company purported to continue to act as its agent for purposes of receiving the retained amounts. The plaintiff had initially authorized the Dean Company to receive the payment, and despite its knowledge that the Dean Company was to hold the bonds, it took no action to withdraw or qualify that authorization. Silence in a situation where one would naturally be expected to speak if he dissented may provide a basis to infer that he agreed (Restatement, Agency 2d, § 94). Here, in addition to the silence of plaintiff, its conduct in indorsing the checks justifies the conclusion that the Dean Company received the retained amounts as its agent. Since the Dean Company was authorized to receive payment, the city is not required to make a duplicate payment by virtue of the conversion by the agent (see *Farr v Newman*, 14 NY2d 183, 190). The city's failure to obtain the bonds prior to making payment exposed it to a risk of loss in the event the project was not properly completed. It did not, however, also assume responsibility for the failure of the Dean Company to honor its agreement with the plaintiff. Although the loss may have been prevented had the city insisted upon delivery of the bonds, plaintiff selected the dishonest representative and indorsed the checks. Having placed the Dean Company in a position to perpetrate the wrong, plaintiff must bear the loss (cf. *Hutzler v Hertz Corp.*, 39 NY2d 209). Appeal from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.